DECISION
Plaintiffs appeal concerning certain real property assessments for the 2007-08 tax year.
A trial was held on September 30, 2008. David E. Carmichael, Attorney at Law, represented Plaintiffs. Lawrence Calkins testified as a witness. Deane M. Perkins, staff appraiser, appeared for Defendant. Subsequent to trial, written submissions were filed; the record closed November 7, 2008.
 I. STATEMENT OF FACTS
The subject property, identified as Account R469091, is a single-family residence located at 6970 SW Pacific Coast Highway in Waldport, Oregon. Plaintiffs accept the valuation of the land as determined by Defendant; they contest only the valuation of the improvements. The real market values (RMV) alleged at trial were:

 Land Improvements Total RMV
 Assessor $227,430 $505,740 $733,170
 Plaintiffs $227,430 $390,000 $617,430

The difference in the parties' conclusions as to RMV of the improvements center around major reliance on sales comparisons as opposed to actual construction costs. Plaintiffs had the property built during 2006; the final official inspection was on November 6, 2006. They retained *Page 2 
receipts and records that were examined at trial. Defendant placed a broader focus on competing properties in the area.
Defendant located eight sales that occurred during 2007, past the assessment date. Three were presented in detail at trial. The sales prices varied from $699,990 to $800,000. After adjustments, the range reduced to $703,110 to $748,230.
The subject property is unique. Plaintiffs claim[1] the "property suffers from immediate highway frontage, an unusually tiny footprint for construction of the home requiring three levels for its 2211 square feet of living area, and only 50 feet of ocean frontage * * *." The lot itself measures .76 acres. As of the assessment date, there was no direct access to the beach.
Plaintiff's representative took issue with many of the adjustments made to the base sale prices. For instance, with one sale, differences were noted in eight categories. Some of the adjustments were not explained.
Plaintiffs have receipts that document actual construction costs paid to the builder, Western Environmental Construction, of $313,438. The parties agree the indirect costs attributed to entrepreneurial profit must be added to the actual cost total. Plaintiffs contend that additional amount should be $74,410. Defendant argues for a higher amount for the profit and certain other omitted items. He mentioned the necessary costs of surveys and geotechnical reports, permanent financing fees, interest on various costs and insurance.
 II. ANALYSIS
The subject property is quite unique, more so than the usual coastal property. As such, many adjustments were required. When adjustments become too substantial, the comparability of the base sales are called into question. *Page 3 
When faced with competing choices of a cost approach versus market sales, the usual preference is to rely on the latter. Here, the balance is tipped in Plaintiffs' favor by the recent date of completion, the detailed receipts, the expertise of the owner, and the nature of the property. In this case, the sales comparisons must be relegated to secondary importance.
However, Defendant made a compelling argument that not all indirect costs were included. After weighing all the evidence and testimony, the court finds that an additional $25,000 should be included in Plaintiffs' analysis of construction costs. When added to the $390,000 RMV argued at trial, the improvements total becomes $415,000. This is the correct amount to be added to land's uncontested RMV of $227,430. Accordingly, the maximum assessed value shall be recomputed for the exception value due to the 2006 construction completion.
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that the 2007-08 real market value shall be set at a total of $642,430, with $227,430 allocated to land and $415,000 to improvements; and *Page 4 
IT IS FURTHER DECIDED that corresponding reductions shall be made to the 2007-08 maximum assessed value.
Dated this _____ day of February 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on February12, 2009. The Court filed and entered this document on February 12,2009.
[1] Plaintiffs' evidentiary exchange filed September 22, 2008. *Page 1